IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL CASTRO *an adult individual* and
MARCY COLKITT *an adult individual*,

        Plaintiffs,

v.

STATE FARM FIRE & CASUALTY
COMPANY,

        Defendant.

12cv1862
**ELECTRONICALLY FILED**

### **Memorandum Order**

This is action for negligence, breach of implied contract, and negligent misrepresentation that was initiated by policyholder-plaintiffs, Paul Castro and Marcy Colkitt, against their home/property insurer, State Farm Fire & Casualty ("State Farm"). This civil action originated in the Court of Common Pleas of Indiana County, Pennsylvania and was properly removed to this Court. Plaintiffs are seeking damages in the amount of $275,000 on the dwelling, plus $206,250.00 for personal property, and costs of suit, against State Farm, for losses they allegedly sustained based upon State Farm's grossly negligent and "wildly inaccurate" calculation of the replacement costs of their insured home and its contents, when their home was destroyed by fire a few months later. Plaintiffs allege that the agent of defendant negligently appraised the replacement value of their home and personal property at $456,000.00, and the actual replacement cost thereof was $800,000.00. Defendant has filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Pr. 12(b)(6) (doc. no. 3).

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a

reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

Viewed in light of the foregoing pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiffs will be able to state no set of facts in support of their claims against defendant. Accordingly, said motion to dismiss (doc. no. 3) is DENIED.

                                               s/ Arthur J. Schwab
                                               Arthur J. Schwab
                                               United States District Judge

cc: All ECF Counsel of Record